No. 7043.

ADAM DOBEL vs. J. M. DELAVALLADE.  E. P. DELAVALLADE, ASSIGNEE.

The transcript of an appeal from an order of seizure and sale need not contain any of the proceedings on the injunction taken out to arrest the seizure and sale, since such proceedings could not be considered by this court on such an appeal.

The holder of a duly paraphed mortgage note, on which certain credits are indorsed, is entitled to proceed by executory process for the balance of the note, against the mortgaged property, and the purchaser of the property, whose assumption of the payment of the note appears by a notarial act of mortgage containing the pact de non alienando. If such purchaser has gone into bankruptcy, and is represented by an assignee, the certificate of a register in bankruptcy is sufficient evidence of the assignee's appointment and acceptance.

APPEAL from the Fifth Judicial District Court, parish of Iberville. Crowell, J., acting for McVea, J., recused.

Chas. O. Lauve for plaintiff and appellee.

George Wailes and Alex. Hebert for defendant.

ON THE MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J. This is a proceeding via executiva. Appellee moves to dismiss on the ground that the transcript is incomplete; that Delavallade applied for and obtained an injunction by which the sale was arrested; that the injunction was dissolved; and that the proceedings on that injunction are not copied into the transcript.

The appeal in this case is taken from the order of seizure and sale, which was granted on the eleventh of October, 1877. The clerk certifies

that the transcript contains " all the documents filed and proceedings had," etc.

The appeal from the order of seizure and sale brings up for review nothing but that order; and any subsequent proceedings, whether by injunction or otherwise, would be out of place in the transcript. Nothing that may have occurred subsequent to the granting of the order of seizure and sale could be considered in determining the only question which an appeal from that order brings before us.

The motion to dismiss is overruled.

---

## On the Merits.

Adam Dobel sold to J. M. Delavallade a certain property, which he, Dobel, had purchased of Lacave. Part of the price was paid by Delavallade in cash, and for the balance he assumed the payment of two notes which Dobel had given to Lacave, which were secured by mortgage on the property; and Delavallade granted a mortgage with the pact *de non alienando* to secure the payment.

Delavallade became a bankrupt ; and failed to pay any thing on account of one of the notes. It seems that he paid part, made several payments which are indorsed on the other note. The holder of this note sued Dobel, and compelled him to pay the balance; and Dobel paid the other after maturity, to avoid further trouble.

E. P. Delavallade was appointed assignee of the bankrupt J. M. Delavallade; he was notified of his appointment, and accepted it in writing.

These facts are stated in the petition for seizure and sale. The two notes are annexed to and filed with the petition; also the act of sale, in which are the assumption and mortgage by Delavallade; and copies of the notice given by the register in bankruptcy to E. P. Delavallade of his appointment, and of his acceptance, certified to be correct by the register. Reference is also made to the suit, the papers of which were on file in the clerk's office, and the number of the suit is given; and it is fairly to be presumed that they were exhibited to the judge, to show that Roth, the holder of one of the notes recovered and was paid by Dobel, the balance due on that note.

The assignment of errors is that there was not the necessary authentic evidence exhibited to the judge to authorize the writ; and, as we have said, this is the only question which we can consider on this appeal.

The mortgage and assumption are proven by a certified copy of the notarial act. The balance due on the note sued on would appear by

simple calculation, as the credits are indorsed. Both these notes are identified with the original mortgage granted by Dobel; and they are identified with the assumption and mortgage granted by Delavallade by a minute description. The register in bankruptcy was the proper officer to notify the assignee of his appointment; and his certificate sufficiently proves the appointment and acceptance.

The possession of the notes by Dobel was sufficient proof that Delavallade had not and that Dobel had paid them; and where the creditor demands a balance, admitting the reduction of the original amount, no further proof is required, since this admission is against his interest and in favor of the debtor.

We think the judge was authorized on the evidence before him to grant the order; and the judgment appealed from is therefore affirmed with costs.